IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-cv-680-AP

SAN LUIS VALLEY ECOSYSTEM COUNCIL,
CONEJOS COUNTY CLEAN WATER, INC.,

      Petitioners,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the U.S. Department of Interior; ANDREW ARCHULETA, in his official capacity as Field Manager, San Luis Valley Field Office, Bureau of Land Management,

      Respondents.

**JOINT CASE MANAGEMENT PLAN FOR PETITIONS
FOR REVIEW OF AGENCY ACTION**

### 1.  APPEARANCES OF COUNSEL

For Petitioners:
Travis E. Stills, CO Atty #27509
Energy & Conservation Law
1911 Main Ave., Suite 238
Durango, Colorado 81301
(970) 375-9231
stills@frontier.net

Allison N. Melton, CO Atty #45088
*Of Counsel*, Energy & Conservation Law
P.O. Box 3024
Crested Butte, CO 81224
(970) 349-7104 ext. 2
alli.melton@gmail.com

For Respondents:

Clare M. Boronow
Trial Attorney, Admitted to the Maryland Bar
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC  20044-7611
Phone: (202) 305-0492
clare.boronow@usdoj.gov

**2.    STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

The Court has jurisdiction based on the presentation of federal question, 28 U.S.C. § 1331, the Mineral Leasing Act of 1920 ("MLA"), the Federal Land Policy and Management Act of 1976 ("FLMPA"), and the National Environmental Policy Act 42 U.S.C. §§ 4321 *et seq* ("NEPA").

**3.    DATES OF FILING OF RELEVANT PLEADINGS**

  A.  **Date Petition for Review Was Filed:**
      March 5, 2014

  B.  **Date Petition for Review Was Served on U.S. Attorney's Office:**
      April 1, 2014

  C.  **Date Answer or Other Response Was Filed:**
      May 30, 2014

**4.    STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

None.

**5.    OTHER MATTERS**

**Petitioners' statement:**

The federal mineral lessee has been provided a courtesy copy of the Complaint, but has not responded or indicated any intention, one way or the other, regarding potential intervention.

Petitioners would not oppose should the federal lessee file a timely motion to intervene in the present lawsuit to address the claims asserted in the Complaint.

Petitioners would like to avoid filing preliminary injunction motions in this case, which involves the private development of federal minerals. However, Petitioners believe that a motion for a temporary restraining order or preliminary injunction could be necessary should the federal lessee decide to go forward with ground-disturbing activities before a decision on the merits issues. At this time, the federal lessee has stated that it has no plans to seek the necessary local approvals and it has no plans to conduct ground-disturbing activities until mid-2015.

To address the possibility that the project could go forward during the litigation, Petitioners have opened discussions with Respondents regarding a potential stipulation to stay ground-disturbing activities until the case is decided. Should ground-disturbing activities become imminent, the proposed stipulation would involve sufficient notice to Petitioners to allow briefing and decision on a preliminary injunction motion before any ground disturbing activities occur.

**Respondents' statement**:

Respondents take no position as to the lessee's intervention.

Respondents are willing to engage in discussions regarding a potential stipulation to stay ground-disturbing activities until this case is decided. However, as of the time of this filing, Respondents have not agreed to such a stipulation.

6. **BRIEFING SCHEDULE**

   A. **Deadline for Filing Administrative Record:**
   Respondents shall have until July 18, 2014 to file the Administrative Record.

   Respondents' statement:

   This deadline is 49 days after the filing of Respondents' Answer, rather than the 30 days suggested by the Court. Although Respondents have already begun compiling the administrative record, because Petitioner's Petition asserts numerous claims, the additional time is necessary to ensure that all relevant documents are located, reviewed for privilege, redacted if necessary, scanned, and indexed.

   Petitioner's statement:

   Petitioners do not oppose the July 18 deadline for the filing of the administrative

record.

**B.      Deadline for Parties to Confer on Record Disputes:**
Petitioners shall have until August 18, 2014 to notify Respondents of documents they believe should be included in the Administrative Record.

**C.      Deadline for Filing Motions to Complete and/or Supplement the Administrative Record:**
The deadline for filing motions to complete and/or supplement the Administrative Record shall be September 17, 2014.  Response and Reply deadlines for such motions will be governed by D.C.COLO.L.Civ.R. 71(C).

**D.      Petitioners' Opening Brief Due:** October 17, 2014

**E.      Respondents' Response Brief Due:** November 17, 2014

**F.      Petitioners' Reply Brief (If Any) Due:** December 2, 2014

**7.  STATEMENTS REGARDING ORAL ARGUMENT**

**A.      Petitioners' Statement:**

Petitioners request oral argument.  Although Petitioners have not yet seen the administrative record, it is likely that the Court could benefit from argument that explains the complex series of decisions that led to the final federal agency action that gave rise to this litigation.  Oral argument could also help clarify the case-by-case application of the NEPA caselaw applicable to federal oil and gas development to the facts found in the administrative record.

**B.      Respondents' Statement:**

Respondents take no position with respect to oral argument, but do not believe that this case presents novel issues.

*8. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE*

*Indicate below the parties' consent choice.*

    **A.**    **( )**    **All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

    **B.**    **(X)**    **All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

## 9. OTHER MATTERS

Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 5.1G. by submitting proof that a copy of the motion has been served upon all attorneys of record and all pro se parties.  Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1E. by serving such motion on the  Moving Attorney's Client.

## 10. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

The parties agree that  the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 25th day of June, 2014.

BY THE COURT

*s/John L. Kane*
U.S. District Court Judge

APPROVED:

| | |
|---|---|
| *s/Travis E. Stills* | *s/Clare M. Boronow* |
| Travis E. Stills, CO Atty #27509 | Clare M. Boronow |
| Energy & Conservation Law | Trial Attorney, Admitted to the Maryland Bar |
| 1911 Main Ave., Suite 238 | U.S. Department of Justice |
| Durango, CO  81301 | Environment and Natural Resources |
| Phone:  (970) 375-9231 | Division |
| | Natural Resources Section |
| stills@frontier.net | P.O. Box 7611 |
| | Washington, DC  20044-7611 |
| Allison N. Melton, CO Atty # 45088 | Phone: (202) 305-0492 |
| *Of Counsel* Energy & Conservation Law | clare.boronow@usdoj.gov |
| P.O. Box 3024 | |
| Crested Butte, CO  81224 | |
| Phone: (970) 349-7104 ext. 2 | |
| alli.melton@gmail.com | |
| | |
| Attorneys for Petitioners | Attorney for Respondents |